IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMILLA KYLA ARNOLD,

        Plaintiff,

vs.                                                                                                        Civ. No. 05-0318 MV/ACT

WAL-MART STORES, INC., a foreign
corporation

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion and Memorandum Brief in Support of its Demand for a Trial by Jury, filed June 3, 2005, **[Doc. No. 10]**. In its motion, Defendant asserts that it inadvertently failed to timely demand a jury trial and requests that the Court exercise its discretion to order a jury trial in this matter. Plaintiff opposes the motion on the grounds that inadvertence is insufficient grounds to excuse the delay and warrant relief.

Pursuant to Fed. R. Civ. P. 38(b), a jury demand must be made within ten days after the service of the last pleading directed to the issue in the Complaint. Fed. R. Civ. P. 38(b). Failure to so demand constitutes a waiver of trial by jury, but a trial court retains discretion upon motion under Fed. R. Civ. P. 39(b) to order a jury trial when one was not properly demanded under Rule 38. Fed. R. Civ. P. 39(b).

Defendant removed this action from the Second Judicial District Court for the State of New Mexico on March 24, 2005, requiring a demand for a jury trial to be filed on or before April

4, 2005.  Defendant inadvertently did not file a demand for a jury trial by April 4, 2005.  Two months later, Defendant realized its mistake and filed this motion requesting that the Court order a trial by jury.

The Court has broad discretion, pursuant to Fed. R. Civ. P. 39(b), to order a jury trial of any or all issues upon motion by a party.  Fed. R. Civ. P. 39(b); *see also Federal Deposit Ins. Corp. v. Palermo*, 815 F.2d 1329, 1333 (10th Cir. 1987); *Paramount Pictures Corp. v. Thompson Theatres, Inc*., 621 F.2d 1088, 1090 (10th Cir. 1980).  The Tenth Circuit has held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial.  *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (citing *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965)).  The Tenth Circuit has also held, however, that a district court does not abuse its discretion by denying a Rule 39(b) motion when the "failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party."  *Id*. at 409.

In this case, Defendant admits that its failure to make a timely jury demand resulted from nothing more than mere inadvertence.  Defendant, however, realized its oversight early in the case and filed its demand for a jury trial prior to the beginning of discovery and before a trial date had even been set.  Furthermore, Plaintiff does not contend that she will suffer any prejudice if the request for a jury trial is granted.  Under these circumstances, the Court will exercise its discretion pursuant to Rule 39(b) and grant Defendant's request for a jury trial.

**IT IS THEREFORE ORDERED**  that Defendant's Motion and Memorandum Brief in Support of its Demand for a Trial by Jury, filed June 3, 2005, **[Doc. No. 10]**, will be **GRANTED**. Pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, the Court hereby orders a trial by

jury in this matter.

    Dated this 29th day of July, 2005.

                                                            MARTHA VÁZQUEZ
                                                            U. S. DISTRICT COURT JUDGE